PROB 12B
(12/00)

# United States District Court
**for**
The District of Rhode Island

## Request for Modifying the Conditions of Probation with Consent of the Offender

**Name of Offender:** Michael Millington **Case Number:** CR06-0009ML

**Name of Sentencing Judicial Officer:** Honorable Paul W. Grimm
United States Magistrate Judge for the District of Maryland

**Assigned Judicial Officer:** Honorable Mary M. Lisi
United States District Judge

**Date of Original Sentence:** January 20, 2005

**Original Offense:** Count I: Possession of Marihuana, a Class A Misdemeanor

**Original Sentence:** 2 years probation with the special conditions to include electronic monitoring for a period of 2 months; participate in a substance abuse treatment program as directed by the U.S. Probation Department; Special Assessment of $25; Fine of $250.

**Type of Supervision:** Probation **Date Supervision Commenced:** January 20, 2005

---

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

**That the defendant be placed on home confinement with electronic monitoring for a period of 2 months. Exceptions to the home confinement will be granted for employment, medical appointments, religious services and any other pre-approved absences by the probation department. The expense of the monitoring will be incurred by the probation office.**

### CAUSE

**Condition #12: "The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense."**

On May 7, 2006, Mr. Millington, age 23, was charged with Driving on a Suspended License for Certain Violations as well as being cited with Speeding and Presence of Alcoholic Beverages while Operating a Motor Vehicle. According to the North Kingstown Police Report dated May 7, 2006, it revealed that the officer observed a vehicle traveling at a high rate of speed. Upon pulling the vehicle over, the operator stated that he did not have his license with him, but stated that his name was Michael Millington. His passenger, Donna Deschene, stated that she was originally driving, but had a diabetic reaction and asked Mr. Millington

to drive. In speaking with Mr. Millington, the officer observed his eyes to be glossy and he could detect an oder of alcoholic beverages coming from his person. The defendant stated that he had consumed one beer earlier in the evening.

A license check indicated that Mr. Millington had a suspended license from a Driving Under the Influence offense, which occurred on November 22, 2005. Mr. Millington consented to a Standardized Field Sobriety Test. He then admitted to having consumed more than one beer, but he passed the test. Mr. Millington was advised of his license's suspended status, which he stated that he was aware of. Mr. Millington was handcuffed and secured in the police vehicle.

On May 31, 2006, Mr. Millington appeared in the Fourth Division District Court where he pled Nolo and received a fine of $500; court costs; 1 year full sentence with 20 days to serve, 245 days suspended with 245 probation, and a 3 month loss of license.

Of concern is the fact that Mr. Millington failed to report this incident to his probation officer and it was learned because the undersigned contacted him to schedule a home visit. It was not until that time that Mr. Millington revealed that he had been arrested and incarcerated for a 20 day period.

This disposition ran concurrent with Case Number 21-06-00668. This incident took place on March 3, 2006, whereby the defendant was on West Main Road in Portsmouth, Rhode Island, on the side of the roadway carrying a can of gasoline. According to the police report, it stated that Mr. Millington told police that he was traveling to his mother's house when he ran out of gasoline. The officer ran Mr. Millington's license and revealed that it had been suspended for a Driving Under the Influence offense. Mr. Millington had reported this offense to the probation officer, however, his version was much different than that of the police report. He stated to the probation officer that his co-worker, who lives in Virginia, had borrowed his vehicle when it ran out of gasoline. The co-worker called Mr. Millington, who took the gas can from his mother's home and walked to the vehicle to refuel it. The co-worker was nowhere near the vehicle nor did he ever return to Rhode Island to corroborate this story. The defendant was therefore sentenced on both of the above offenses.

This marks the second Driving on a Suspended License conviction since the defendant was sentenced to probation, in addition to a Driving While Under the Influence of Alcohol, First Offense conviction.

The defendant resides with his grandmother at 143 Third Street, Apartment 3M, Newport, Rhode Island. He is currently employed as a painter for Ferraro's Painting Company earning $19 per hour. Mr. Millington has satisfied all Federal court-ordered financial obligations as well as substance abuse treatment. However, he still has fees outstanding in State Court.

PROB 12B
(12/00)

Based upon the above information, it is respectfully recommended the Mr. Millington be ordered to serve two months in Home Confinement with electronic monitoring. On June 27, 2006, Mr. Millington executed the attached Probation Form 49 - **Waiver of Hearing to Modify Conditions of Probation** and agreed to this course of action.

**Reviewed and Approved by:**

M. Bradley

**Maureen Bradley**
**Supervising U.S. Probation Officer**

Date: 06/27/06

**Respectfully Submitted by:**

Charleen L. Tryhubczak

**Charleen L. Tryhubczak**
**U.S. Probation Officer**

Date: 06/27/06

## The Court Orders

- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☑ The Modification of Conditions as Noted Above
- ☐ Other

Mary M. Lisi

Honorable Mary M. Lisi
U.S. District Judge

July 7, 2006
Date